UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN GAVIN,<br><br>        Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF CALIFORNIA, et al.,<br><br>        Defendants. | No. 2:16-cv-2316-JAM-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has also requested a temporary restraining order. Both requests are addressed below.

Plaintiff's declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a). However, that does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed without leave to amend.[1]

---

[1] In light of the recommendation that the complaint be dismissed without leave to amend, it is recommended that plaintiff's motion for a temporary restraining order, ECF No. 3, be denied

1

I.     Screening Pursuant to § 1915(e)(2)

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

---

as moot.

1    "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
2    authorized by a federal statute that both regulates a specific subject matter and confers federal
3    jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
4    jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
5    matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World
6    Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
7    of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78.  Lack of
8    subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys
9    Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

10   The complaint alleges claims against the University of California, the Regents of the
11   University of California, The University of California Office of the President, UC Davis
12   Chancellor Ralph Hexter, and Emily Galindo, the Director of Student Housing that purportedly
13   arise from plaintiff's tenancy at the University of California at Davis ("UC Davis").  For the past
14   three years, she has lived with her son in student family housing that is provided for students with
15   family at UC Davis. *Id.* ¶ 19, Ex. 1.  However, her son graduated in June 2016, and the lease
16   agreement expired at the end of July 31, 2016. *Id.*

17   On the last day of the lease, plaintiff's son requested an extension of his occupancy. *Id.*
18   Ex. 1. The University granted that request, and he and plaintiff were given until September 12,
19   2016 to move out of their apartment. *Id.*  A subsequent request for an extension was also granted,
20   allowing plaintiff and her son to remain in campus housing until September 16, 2016. *Id.*
21   Plaintiff claims that she attempted to move out in mid-September, but was unable to do so. *Id.*
22   ¶ 29.  She also makes allegations that she is an individual with multiple disabilities, including a
23   heart condition and an inability to ambulate without the use of an assistive device.  ECF No. 1
24   ¶¶ 18, 32.

25   On September 19, plaintiff wrote a letter to defendant Chancellor Hexter, stating that she
26   will not be able to move until the end of October due to her heart condition, and that she was
27   therefore requesting "a reasonable accommodation under the American [sic] with Disabilities
28   /////

3

Act."[2] *Id*. Ex. 2. In that letter, plaintiff acknowledged that her son had graduated and was "no longer eligible to reside in Student Family Housing." *Id*.

Defendant Emily Galindo responded to plaintiff's letter on behalf of the Chancellor. *Id*. Ex. 1. Ms. Galindo explained that as a courtesy the University was willing to allow plaintiff and her son to remain in student housing until the end of September, but that it was not feasible for them to remain longer because housing was needed for incoming students and their families. *Id*.

Plaintiff now alleges that defendants' failure to provide her with a further extension constitutes discrimination in violation of (1) the Americans with Disabilities Act ("ADA"), (2) the Rehabilitation Act, (3) her right to due process and (4) equal protection, and (5) the Fair Housing Act, (7) Title VI of the Civil Rights Act, and state law. Plaintiff claims that this court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331. ECF No. 1 at 4. However, as explained below, plaintiff fails to sufficiently allege a federal claim.

Plaintiff first claims that defendants' decision violated Title II of the Americans with Disabilities Act ("ADA"). ECF No. 1 at 7, 3-5. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. "To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by

---

[2] Plaintiff submits the letter as an exhibit to her complaint. Although courts normally do not look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion, *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 248 (9th Cir.1997), *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* Further, the court may disregard allegations of the complaint that are contradicted by attached exhibits. *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc*., 143 F.3d 1293, 1295 (9th Cir.1998). Additionally, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct*., 828 F.2d 1385, 1388 (9th Cir. 1987).

1  reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *see
2  also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an
3  otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities'
4  'solely by reason of' his or her disability, that individual may have an ADA claim against the
5  public entity.").

6        Here, plaintiff has failed to allege that she was denied a benefit on account of her
7  disability. While she alleges that she is disabled and that defendants denied her request for a
8  further extension of her son's lease, she does not allege any facts demonstrating that she was
9  entitled to such an extension. Rather, she specifically acknowledged in her letter to the
10  Chancellor that her son had graduated and was "no longer eligible to reside in Student Family
11  Housing." ECF No. 1 Ex. 2. Moreover, in response to plaintiff's letter defendant Galindo
12  explained that plaintiff could not have an extension past the end of September because the student
13  housing was "desperately needed by incoming students and their families." *Id*. Ex. 1. Thus,
14  plaintiff's complaint, itself, establishes that her request was denied for reasons unrelated to her
15  disability.

16        Plaintiff also alleges a claim for violation of section 504 of the Rehabilitation Act. ECF
17  No. 1 at 7. "A plaintiff bringing suit under § 504 must show (1) he is an individual with a
18  disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the
19  program solely by reason of his disability; and (4) the program receives federal financial
20  assistance." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). As just explained,
21  plaintiff has not alleged that she was denied a benefit by reason of her disability. Accordingly,
22  she also fails to state a claim for violation of the Rehabilitation Act.

23        Next, plaintiff claims that defendants' denial of her request to extend the lease agreement
24  violated her rights to due process and equal protection under the Fourteenth Amendment.[3] ECF

---

[3] Plaintiff also claims that defendants violated her right to due process and equal protection under the Fifth Amendment. The Fifth Amendment's Due Process Clause applies only to the federal government or federal actions. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments."). As plaintiff does not allege action on behalf of the federal government, she

1  No. 1 at 10.  Plaintiff fails to state a due process claim as she does not allege that defendants
2  deprived her of a property right or liberty interest.  *See Portman v. County of Santa Clara*, 995
3  F.2d 898, 904 (9th Cir. 1993) (to state a procedural due process claim a plaintiff must have a
4  liberty or property interest protected by the Constitution, a deprivation of that interest by the
5  government, and a lack of process).  Instead, defendants merely denied plaintiff's request for an
6  extension that she acknowledges she was not entitled to receive.

7  Plaintiff also fails to state a claim for violation of the Equal Protection Clause of the
8  Fourteenth Amendment.  To state a claim for violation of the Equal Protection Clause, plaintiff
9  "must show that the defendant[s] acted with an intent or purpose to discriminate against the
10 plaintiff based upon membership in a protected class."  *Lee v. City of Los Angeles*, 250 F.3d 668,
11 686.  Again, plaintiff conceded that she and her son were no longer eligible to reside in student
12 housing, and she has not alleged that her request to extend the lease was denied on account of her
13 disability or some other class-based animus.  Accordingly, she also fails to state a claim for
14 violation of the Equal Protection Clause of the Fourteenth Amendment.

15 Plaintiff also alleges that defendants' conduct violated the Fair Housing Act ("FHA").
16 ECF No. 1 at 10.  The FHA "forbids discrimination in the sale or rental of housing, which
17 includes making unavailable or denying a dwelling to a buyer or renter 'because of a handicap of
18 . . . a person residing in or intending to reside in that dwelling after it is sold, rented, or made
19 available.'"  *Budnick v. Town of Carefree*, 518 F.3d 1109, 1113 (9th Cir. 2008) (quoting 42
20 U.S.C. § 3604(f)(1)(B)).  Again, plaintiff has failed to allege any discriminatory conduct on
21 behalf of defendants.  Accordingly, her FHA claim also fails.

22 Lastly, plaintiff purports to allege a claim for violation of Title VI of the Civil Rights Act
23 of 1964.  ECF No. 1 at 11.  Title VI states that "[n]o person . . . shall, on the ground of race, color,
24 or national origin, be excluded from participation in, be denied the benefits, or be subjected to
25 discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C.
26 § 2000d.  Thus, to state a claim under Title VI, "a plaintiff must allege that (1) the entity involved
27
28 cannot maintain a claim under the Fifth Amendment.

is engaging in race discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994). Plaintiff does not allege any facts related to racial discrimination. Accordingly, she also fails to state a claim under Title VI.

Thus, plaintiff fails to allege a federal claim and therefore has failed to establish this court's jurisdiction pursuant to 28 U.S.C. § 1331. As for her state law claims, she contends that this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. ECF No. 1 at 4. However, as she has failed to establish that this court has original jurisdiction over this action, the court may not exercise supplemental jurisdiction over her state law claims.[4] *See* 28 U.S.C. 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other" related claims.).

Therefore, plaintiff's complaint must be dismissed. Further, it is clear from the face of the complaint and its attachments that its deficiencies cannot be cured by amendment. Plaintiff only asserts claims based on disability discrimination. However, the complaint establishes that her last request for an extension of the lease was denied, not because of her disability, but because plaintiff and her son were no longer eligible for student housing and the apartment was needed for incoming students and their families. Thus, plaintiff cannot establish discriminatory conduct on behalf of defendants. Accordingly, leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

II.   Order and Recommendation

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

/////

---

[4] Although plaintiff does not contend that this court has jurisdiction pursuant to 28 U.S.C. § 1332, the court notes that diversity of citizenship is lacking. Plaintiff's complaint indicates that she is a citizen of California and she alleges claims against other California citizens. *See* ECF No. 1. Accordingly, diversity jurisdiction is lacking. 28 U.S.C. § 1332 (district courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000).

Further, it is RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend;

2. Plaintiff's motion for a temporary restraining order, ECF No. 3, be denied as moot; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE